**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BIAGIO MUSTO and STEVIE ROSE MUSTO, | NO. 3:18-CV-02427 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| OFFICE DEPOT, INC., *et al.*, | |
| Defendants. | |
| ----------------------------------------------------------- | |
| OFFICE DEPOT, INC., *et al.*, | |
| Third-Party Plaintiffs, | |
| v. | |
| GIRARD J. MECADON, *et al.*, | |
| Third-Party Defendants. | |

## **MEMORANDUM**

Presently before the Court are Motions to Dismiss (Docs. 12, 18) the Third-Party Complaint filed by Third-Party Defendants Girard J. Mecadon, GJM Holdings, LLC, and the Law Office of Girard J. Mecadon (collectively, "Mecadon"). Third-Party Plaintiffs Office Depot, Inc., Swinton Avenue Trading, Ltd., and Swinton Trading, Inc. ("Office Depot," for short) allege that Mecadon is responsible for Plaintiffs Biagio and Stevie Rose Musto's injuries. But because the Third-Party Complaint fails to state a valid third-party claim under Rule 14(a)(1) of the Federal Rules of Civil Procedure, Mecadon's Motions to Dismiss will be granted.

### **I. Background**

Biagio Musto suffered serious injuries when, during a meeting at Mecadon's office, the chair he was sitting on suddenly collapsed. (Doc. 1-2 at ¶¶ 48, 78). The allegedly faulty chair was sold by Office Depot to Mecadon. (*Id.* ¶ 8). Biagio Musto and his wife, Stevie

Rose Musto, accordingly sued Office Depot for negligence, strict liability, breach of warranty, and loss of consortium. (*Id.* at 25-32).

Office Depot answered the Mustos' Complaint, denying any liability. (*See* Doc. 4). In its Answer, Office Depot included a Third-Party Complaint against Mecadon, incorporating the allegations in the Mustos' Complaint and claiming contribution and indemnification. (*Id.* at 15-17).

Mecadon then filed the instant Motions to Dismiss (Docs. 12, 18), arguing that Office Depot failed to adequately allege that Mecadon would be liable to Office Depot for the Mustos' injuries. (*See* Docs. 13, 19). Office Depot filed briefs in opposition, arguing that it has pled enough to entitle it to discovery on the issues of contribution and indemnification. (*See* Docs. 15, 20). The Motions to Dismiss have been fully briefed and are now ripe for review.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. The movant bears the burden of establishing that the complaint fails to state a claim. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). When considering a Rule 12(b)(6) motion, my role is limited to determining if a plaintiff is entitled to offer evidence in support of his claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Detailed factual allegations are not required. *Id.* However, "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*,

578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts to support its claims for relief. *Id*.; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

"[T]he pleading standards set forth in [*Twombly*] and *Iqbal* apply with equal force to . . . third-party complaints." *SEPTA v. AECOM USA, Inc.*, No. 10-117, 2010 WL 4703533, at *3 (E.D. Pa. Nov. 19, 2010) (citations omitted).

### III. Discussion

Mecadon seeks dismissal of Office Depot's contribution and indemnification claims. As to both claims, Mecadon maintains that there are insufficient factual allegations that would plausibly suggest he is liable to Office Depot.

### A. Contribution

Office Depot argues that its claim for contribution is properly brought in this action pursuant to Rule 14 of the Federal Rules of Civil Procedure. Rule 14(a) provides: "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "Rule 14 is only procedural and does not itself create a right to indemnity or contribution. . . . Those rights must come from the applicable substantive law." *Kohn v. Sch. Dist. of Harrisburg*, No. 11-CV-109, 2012 WL 1598096, at *3 (M.D. Pa. May 7, 2012) (citing *Foulke v. Dugan*, 212 F.R.D. 265, 269-70 (E.D. Pa. 2002)). Under Pennsylvania law, a right to contribution arises only among joint tortfeasors. *See* 42 Pa. Cons. Stat. § 8324(a); *Kohn*, 2012 WL 1598096, at *3. To be joint tortfeasors, "the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury." *Lasprogata v. Qualls*, 397 A.2d 803, 805 n.4 (Pa. Super. Ct. 1979). Moreover, the *Lasprogata* court defined a joint tort as "where two or more persons owe to another the same duty and by their common neglect such other is injured . . . ." *Id*.

3

Office Depot has not sufficiently alleged that Mecadon is a tortfeasor to begin with, let alone a joint one. *See Bernard v. Air Vent, Inc.*, No. CV 17-2361, 2019 WL 144852, at *3 (M.D. Pa. Jan. 9, 2019). The Third-Party Complaint merely incorporates the Mustos' Complaint (*see* Doc. 4 at 15) and conclusorily states that Mecadon was negligent (*see id.* at 16). This is insufficient to state a claim of contribution against Mecadon because there are no factual allegations, either in the Third-Party Complaint or the Mustos' Complaint, suggesting Mecadon's liability in tort. A bald assertion of negligence will not do. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Neither will allegations that the chair "was in substantially the same condition as when it was designed, manufactured and/or sold" and "was not identified as being out of service and/or marked as not to be used" (Doc. 20 at 12 (quoting the Mustos' Complaint)), because they do not plausibly suggest Mecadon was at fault for the Mustos' injuries. The fact of the chair's condition says nothing of a duty Mecadon owed yet breached. *See Krentz v. Consol. Rail Corp.*, 910 A.2d 20, 27 (Pa. 2006) (spelling out the elements of negligence).

One final note: the Third-Party Complaint also raises a sole liability claim in alleging contribution. (*See* Doc. 4 at 16). Such a claim is improper. *Feingold v. Quinn*, No. 12-3503, 2012 WL 6061121, at *1 (E.D. Pa. Dec. 6, 2012) ("The third-party plaintiff may not assert that the third-party defendant is solely liable to plaintiff."); *Flickinger v. Toys R Us, Inc.*, No. 10-CV-305, 2010 WL 4384252, at *1 (M.D. Pa. Oct. 29, 2010) ("A defendant may only use Rule 14 to implead a third-party defendant where the third-party defendant is, or may be, liable to the defendant derivatively or secondarily, and not to join a person who is or may be liable solely to the plaintiff.").

The contribution claim alleged in the Third-Party Complaint will therefore be dismissed without prejudice.

**B.     Indemnification**

That leaves Office Depot's claim for indemnification. "Common law indemnity is not a fault-sharing mechanism that allows a party, whose negligence was minor, to recover from the tortfeasor whose negligence was dominant. It is a fault-shifting mechanism that comes into play when a defendant held liable by operation of law seeks to recover from a defendant whose conduct actually caused the loss." *City of Wilkes-Barre v. Kaminski Bros.*, 804 A.2d 89, 92 (Pa. Commw. Ct. 2002). Some special legal relationship between the third-party plaintiff and third-party defendant must therefore exist, contractually or through operation of law (*e.g.*, an employer-employee relationship), for indemnity to apply. *See Builders Supply Co. v. McCabe*, 77 A.2d 368, 370 (Pa. 1951); *see also EQT Prod. Co. v. Tera Servs., LLC*, 179 F. Supp. 3d 486, 493 (W.D. Pa. 2016) (indemnification "is appropriate when a defendant's liability arises not out of its own conduct, but out of a relationship that legally compels the defendant to pay for the act or omission of a third party" (quotation omitted)); *Pitcavage v. Mastercraft Boat Co.*, 632 F. Supp. 842, 845 n.1 (M.D. Pa. 1985) ("In Pennsylvania, indemnification is limited to those situations in which [the defendant's] liability is secondary or when an indemnification contract exists." (citing *Builders Supply Co. v. McCabe*, 77 A.2d 368 (Pa. 1951))).

Office Depot's allegations are insufficient to state a claim for indemnification. Office Depot simply alleges that "any and all damages sustained by the [Mustos] were the proximate result of acts and/or omissions by [Mecadon,] whose acts were primary and active, and if [Office Depot is] found liable to the [Mustos] with respect to said damages, such responsibility resulted solely from secondary imputed, vicarious or passive acts and [Mecadon is] liable to [Office Depot] by way of indemnification . . . ." (Doc. 4 at 16). This is just a legal conclusion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual

5

allegations."). Nowhere does Office Depot allege facts plausibly indicating that it has a relationship with Mecadon, by contract or operation of law, that "legally compels" it to pay for Mecadon's tortious acts. *EQT Prod. Co.*, 179 F. Supp. 3d at 493. The claim for indemnification alleged in the Third-Party Complaint will accordingly be dismissed without prejudice.

## IV. Conclusion

For the above stated reasons, Mecadon's Motions to Dismiss the Third-Party Complaint will be granted. The Third-Party Complaint will be dismissed without prejudice. All other pending motions, which relate to the Third-Party Complaint, will be denied as moot.

An appropriate order follows.


July 9, 2019  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge